MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

JOSE GERMAN CASTAÑEDA SANCHEZ, JOSE
SANTOS DELCID CASTELLANOS, and WUILDER
JOSUE DELCID CASTELLANOS, *individually and on
behalf of others similarly situated,*

                              *Plaintiffs*,


                -against-

ROCCAWAY CONSTRUCTION CORP. (D/B/A
ROCCAWAY CONSTRUCTION), YELLOWSTONE
CONSTRUCTION INC. (D/B/A YELLOWSTONE
CONSTRUCTION), MASSIMILIANO GUARASCIO,
SALVATORE BONIFATI, ANTONIO (A.K.A. TONY)
DATTOLO, MUSAH CHARUDRY, and HUMAIRA
CHAUDHARY
                              *Defendants.*
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiffs Jose German Castañeda Sanchez, Jose Santos Delcid Castellanos, and Wuilder

Josue Delcid Castellanos, individually and on behalf of others similarly situated (collectively,

"Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their

knowledge and belief, and as against Roccaway Construction Corp. (d/b/a Roccaway

Construction), Yellowstone Construction Inc. (d/b/a Yellowstone Construction), (collectively,

"Defendant Corporations"), Massimiliano Guarascio, Salvatore Bonifati, Antonio (a.k.a. Tony)

Dattolo, Musah Charudry, and Humaira Chaudhary allege as follows:

## NATURE OF THE ACTION

1. This is an action to recover overtime wages, liquidated damages, interest, costs, and attorneys' fees for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

2. Plaintiffs are former employees of Roccaway Construction Corp. (d/b/a Roccaway Construction), Yellowstone Construction Inc. (d/b/a Yellowstone Construction), Massimiliano Guarascio, Salvatore Bonifati, Antonio (a.k.a. Tony) Dattolo, Musah Charudry, and Humaira Chaudhary (collectively, "Defendants").

3. Defendants own, operate, and/or control two construction companies headquartered at 120 Glen Head Road, Glen Head, New York 11545 (previously 54 1st Street Ext, Glen Cove, New York 11542), under the name Roccaway Construction, and at 50 Genesee Street, Hicksville, New York, 11801, under the name Yellowstone Construction.

4. Upon information and belief, individual defendants Massimiliano Guarascio, Salvatore Bonifati, Antonio (a.k.a. Tony) Dattolo, Musah Charudry, and Humaira Chaudhary serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction companies as a joint or unified enterprise.

5. Plaintiffs were employees of Defendants.

6. Plaintiffs were employed as construction foremen, repairers, and tile specialists in construction projects, mostly around Manhattan.

7. Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the overtime hours per week that they worked.

8.     Rather, Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for any hours they worked over 40.

9.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

15.     Plaintiff Jose German Castañeda Sanchez ("Plaintiff German" or "Mr. German") is an adult individual residing in Union City, New Jersey. Plaintiff German was employed by Defendants from approximately November 2016 until on or about July 5, 2017.

16.     Plaintiff Jose Santos Delcid Castellanos ("Plaintiff Santos" or "Mr. Santos") is an adult individual residing in Bronx County, New York. Plaintiff Santos was employed by Defendants from approximately November 2016 until on or about July 15, 2017.

17.     Plaintiff Wuilder Josue Delcid Castellanos ("Plaintiff Josue" or "Mr. Josue") is an adult individual residing in Bronx County, New York. Plaintiff Josue was employed by Defendants from approximately November 22, 2016 until on or about July 15, 2017.

*Defendants*

18.     At all times relevant to this Complaint, Defendants own, operate, and/or control two construction companies headquartered at 120 Glen Head Road, Glen Head, New York 11545 (previously 54 1st Street Ext, Glen Cove, New York 11542) under the name Roccaway Construction, and at 50 Genesee Street, Hicksville, New York, 11801, under the name Yellowstone Construction.

19.     Upon information and belief, Roccaway Construction Corp., (d/b/a Roccaway Construction), is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 120 Glen Head Road, Glen Head, New York 11545 (previously 54 1st Street Ext, Glen Cove, New York 11542).

20.     Upon information and belief, Yellowstone Construction Inc. (d/b/a Yellowstone Construction), is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 50 Genesee Street, Hicksville, New York, 11801.

21.     Defendant Massimiliano Guarascio is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Massimiliano Guarascio is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation (Roccaway Construction Corp.). Upon information and belief, Defendant Massimiliano Guarascio possesses or possessed operational control over Defendant Corporation (Roccaway Construction Corp.), possesses or possessed an ownership interest in Defendant Corporation (Roccaway Construction Corp.), and controls or controlled significant functions of Defendant Corporation (Roccaway Construction Corp.). He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22.    Defendant Salvatore Bonifati is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Salvatore Bonifati is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation (Roccaway Construction Corp.). Upon information and belief, Defendant Salvatore Bonifati possesses or possessed operational control over Defendant Corporation (Roccaway Construction Corp.), possesses or possessed an ownership interest in Defendant Corporation (Roccaway Construction Corp.), and controls or controlled significant functions of Defendant Corporation (Roccaway Construction Corp.). He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.    Defendant Antonio (a.k.a. Tony) Dattolo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Antonio (a.k.a. Tony) Dattolo is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation (Yellowstone Construction Inc.). Upon information and belief, Defendant Antonio (a.k.a. Tony) Dattolo possesses or possessed operational control over Defendant Corporation (Yellowstone Construction Inc.), possesses or possessed an ownership interest in Defendant Corporation (Yellowstone Construction Inc.), and controls or controlled significant functions of Defendant Corporation (Yellowstone Construction Inc.). He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Musah Charudry is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Musah Charudry is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation (Yellowstone Construction Inc.). Upon information and belief, Defendant Musah Charudry possesses or possessed operational control over Defendant Corporation (Yellowstone Construction Inc.), possesses or possessed an ownership interest in Defendant Corporation (Yellowstone Construction Inc.), and controls or controlled significant functions of Defendant Corporation (Yellowstone Construction Inc.). He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant Humaira Chaudhary is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Humaira Chaudhary is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation (Yellowstone Construction Inc.). Upon information and belief, Defendant Humaira Chaudhary possesses or possessed operational control over Defendant Corporation (Yellowstone Construction Inc.), possesses or possessed an ownership interest in Defendant Corporation (Yellowstone Construction Inc.), and controls or controlled significant functions of Defendant Corporation(Yellowstone Construction Inc.). He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

7

26.     Defendants operate two construction companies under the name "Roccaway Construction" and "Yellowstone Construction," which perform most construction projects in Manhattan.

27.     Upon information and belief, individual Defendants Massimiliano Guarascio, Salvatore Bonifati, Antonio (a.k.a. Tony) Dattolo, Musah Charudry, and Humaira Chaudhary possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.     Upon information and belief, individual defendants Massimiliano Guarascio and Salvatore Bonifati operate Defendant Corporation (Roccaway Construction Corp.) as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

a.  failing to adhere to the corporate formalities necessary to operate Roccaway Construction Corp. as a separate and legally distinct entity;

b.  defectively forming or maintaining Roccaway Construction Corp. by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c.  transferring assets and debts freely as between all Defendants;

d.  operating Roccaway Construction Corp. for their own benefit as the sole or majority shareholders;

e.  operating Roccaway Construction Corp. for their own benefit and maintaining control over this Corporation as a closed Corporation or a closely held controlled entity;

f.  intermingling assets and debts of their own with Roccaway Construction Corp.;

g.  diminishing and/or transferring assets to protect their own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

33.     Upon information and belief, individual defendants Antonio (a.k.a Tony) Dattolo, Musah Charudry, and Humaira Chaudhary operate Defendant Corporation (Yellowstone Construction Inc.) as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

a.  failing to adhere to the corporate formalities necessary to operate Yellowstone Construction Inc. as a separate and legally distinct entity;

b.  defectively forming or maintaining Yellowstone Construction Inc. by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.   transferring assets and debts freely as between all Defendants;

    d.   operating Yellowstone Construction Inc. for their own benefit as the sole or majority shareholders;

    e.   operating Yellowstone Construction Inc. for their own benefit and maintaining control over this Corporation as a closed Corporation or a closely held controlled entity;

    f.   intermingling assets and debts of their own with Yellowstone Construction Inc.;

    g.   diminishing and/or transferring assets to protect their own interests; and

    h.   other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

35.    In each year from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used daily at Roccaway Construction and Yellowstone Construction, such as wall tapering tools, cement, tile, and other tools were produced outside the state of New York.

*Individual Plaintiffs*

37.    Plaintiffs are former employees of Defendants, and worked as construction foremen, repairers, and tile specialists.

38.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Jose German Castañeda Sanchez

39.     Plaintiff German was employed by Defendants from approximately November 2016 until on or about July 5, 2017.

40.     Plaintiff German worked as a tile specialist.

41.     Plaintiff German regularly handled goods produced in interstate commerce, such as construction tools, cement, and other tools produced outside the state of New York.

42.     Plaintiff German's work duties required neither discretion nor independent judgment.

43.     Plaintiff German regularly worked in excess of 40 hours per week.

44.     From approximately February 15, 2017 until on or about July 5, 2017, Plaintiff German worked from approximately 7:00 a.m. until on or about 5:30 to 7:30 p.m. Mondays through Fridays, and on two Saturdays per month (typically 52.5 to 75 hours per week).

45.     From approximately February 15, 2017 until on or about June 21, 2017, Defendants paid Plaintiff German his wages in cash.

46.     From approximately June 22, 2017 until on or about July 5, 2017, Defendants paid Plaintiff German his wages by personal check.

47.     From approximately February 15, 2017 until on or about July 5, 2017, Defendants paid Plaintiff German a fixed salary of $220 per day.

48.     Plaintiff German's wages did not vary based on how many additional hours he worked in a week.

49.     For example, Defendants regularly required Plaintiff German to continue working

2 to 4 hours past his scheduled departure time and did not compensate him for the additional time they required him to work.

50.     Plaintiff German was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.     Defendants did not provide Plaintiff German with each payment of wages, a statement of wages as required by NYLL 195(3).

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff German regarding overtime and wages under the FLSA and NYLL.

53.     Defendants never gave any notice to Plaintiff German, in English and in Spanish (Plaintiff German's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     Defendants required Plaintiff German to purchase "tools of the trade" with his own funds—including helmets, approximately 15 pairs of glasses, and approximately 20 pairs of gloves.

*Plaintiff Jose Santos Delcid Castellanos*

55.     Plaintiff Santos was employed by Defendants from approximately November 2016 until on or about July 15, 2017.

56.     Plaintiff Santos worked as a construction worker.

57.     Plaintiff Santos regularly handled goods produced in interstate commerce, such as construction equipment, cement, and other tools produced outside the state of New York.

58.     Plaintiff Santos' work duties required neither discretion nor independent judgment.

59.    Plaintiff Santos regularly worked in excess of 40 hours per week.

60.    From approximately November 2016 until on or about July 15, 2017, Plaintiff Santos worked from approximately 7:00 a.m. until on or about 7:00 p.m. to 2:00 a.m. three days a week, from approximately 7:00 a.m. until on or about 3:30 p.m. two days a week, from approximately 7:00 a.m. until on or about 3:30 p.m. three Saturdays a month, and from approximately 7:00 a.m. until on or about 3:30 p.m. one Sunday a month (typically 53 to 99.5 hours per week).

61.    From approximately November 2016 until on or about June 28, 2017, Defendants paid Plaintiff Santos his wages in cash.

62.    From approximately June 29, 2017 until on or about July 15, 2017, Defendants paid Plaintiff Santos his wages by personal check.

63.    From approximately November 2016 until on or about December 2016, Defendants paid Plaintiff Santos a fixed salary of $130 per day.

64.    From approximately December 2016 until on or about March 2017, Defendants paid Plaintiff Santos a fixed salary of $140 per day.

65.    From approximately March 2017 until on or about June 28, 2017, Defendants paid Plaintiff Santos a fixed salary of $160 per day.

66.    From approximately June 29, 2017 until on or about July 15, 2017, Defendants paid Plaintiff Santos a fixed salary of $170 per day.

67.    Plaintiff Santos' pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

68.     For example, Defendants regularly required Plaintiff Santos to work 3.5 to 10.5 hours past his scheduled departure time multiple times a week and did not compensate him for the additional hours they required him to work.

69.     Plaintiff Santos was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

70.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santos regarding overtime and wages under the FLSA and NYLL.

71.     Defendants never gave any notice to Plaintiff Santos, in English and in Spanish (Plaintiff Santos' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

72.     Defendants required Plaintiff Santos to purchase "tools of the trade" with his own funds—including tools, construction boots, a helmet, and gloves.

*Plaintiff Wuilder Josue Delcid Castellanos*

73.     Plaintiff Josue was employed by Defendants from approximately November 22, 2016 until on or about July 15, 2017.

74.     Plaintiff Josue worked as a construction worker.

75.     Plaintiff Josue regularly handled goods produced in interstate commerce, such as construction equipment, cement, and other tools produced outside the state of New York.

76.     Plaintiff Josue's work duties required neither discretion nor independent judgment.

77.     Plaintiff Josue regularly worked in excess of 40 hours per week.

78.    From approximately November 22, 2016 until on or about July 15, 2017, Plaintiff Josue worked from approximately 7:00 a.m. until on or about 7:00 p.m. to 2:00 a.m. three days a week, from approximately 7:00 a.m. until on or about 3:30 p.m. two days a week, from approximately 7:00 a.m. until on or about 3:30 p.m. three Saturdays a month, and from approximately 7:00 a.m. until on or about 3:30 p.m. one Sunday a month (typically 53 to 91 hours per week).

79.    From approximately November 22, 2016 until on or about June 28, 2017, Defendants paid Plaintiff Josue his wages in cash.

80.    From approximately June 29, 2017 until on or about July 15, 2017, Defendants paid Plaintiff Josue his wages by personal check.

81.    From approximately November 22, 2016 until on or about December 2016, Defendants paid Plaintiff Josue a fixed salary of $140 per day.

82.    From approximately January 2017 until on or about May 15, 2017, Defendants paid Plaintiff Josue a fixed salary of $150 per day.

83.    From approximately May 16, 2017 until on or about July 15, 2017, Defendants paid Plaintiff Josue a fixed salary of $160 per day.

84.    Plaintiff Josue's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

85.    For example, Defendants regularly required Plaintiff Josue to work 3.5 to 10.5 hours past his scheduled departure time multiple times a week and did not compensate him for the additional hours they required him to work.

86.     Plaintiff Josue was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

87.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Josue regarding overtime and wages under the FLSA and NYLL.

88.     Defendants never gave any notice to Plaintiff Josue, in English and in Spanish (Plaintiff Josue's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

89.     Defendants required Plaintiff Josue to purchase "tools of the trade" with his own funds—including numerous uniforms and harnesses.

*Defendants' General Employment Practices*

90.     Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them the proper overtime compensation.

91.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL by not paying Plaintiffs the wages required under these laws.

92.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling far below the required overtime wage rate.

93.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

94.     Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

95.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

96.     Plaintiffs were paid their wages entirely in cash or by personal check.

97.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

98.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

99.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

100.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former construction workers.

101.    Defendants also failed to post at the workplace, or otherwise provide to Plaintiffs, the required postings or notices regarding the applicable wage and hour requirements of the FLSA and NYLL.

102.    Defendants failed to provide Plaintiffs with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

103.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

104.    Plaintiffs bring this FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

105.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions.

106.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

107.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, were subject to Defendants' willful failure to keep records required by the FLSA.

108.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

109.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

111.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112.     Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour has worked in excess of forty hours in a workweek.

115.    Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of NYLL § 663.

116.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

120.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

121.    Defendants did not provide Plaintiffs with a statement of wages with each payment of wages, as required by NYLL 195(3).

122.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

123.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

124.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their job, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful

as to Plaintiffs and the FLSA class members;

(e)      Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(h)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(i)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA class members;

(j)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)      Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(l)      Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m)    Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n)    Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(o)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 4, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _/s/ Michael Faillace_____

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

July 18, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Jose German Castañeda Sanchez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              18 de julio de 2017

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2540                                        Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620
_____

Faillace@employmentcompliance.com

July 17, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Santos Delcid Castellanos

Legal Representative / Abogado:        Michael Faillace & Associates, P.C._____

Signature / Firma:                _____

Date / Fecha:                    _____17 de julio de 2017_____

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 17, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar partè de la demanda como uno de los demandantes.)**

Name / Nombre:                    Wuilder Josue Delcid Castellanos

                                  Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                  17 de julio de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*