# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

November 2, 2018

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      **Re:** *Castaneda Sanchez, et al. v. Roccaway Construction Corp.., et al*
         Case No. 17-cv-5910

Dear Judge Engelmayer:

  This office represents Plaintiffs Jose German Castaneda Sanchez, Jose Santos Delcid Castellanos, Wuilder Josue Delcid Castellanos and Hector David ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants Roccaway Construction Corp. (d/b/a Roccaway Construction), Massimiliano Guarascio, Salvatore Bonifati and Antonio (a.k.a. Tony) Dattolo ("Defendants" and together with Plaintiffs, the "Parties"). Plaintiffs have also released Yale Tile & Stone LLC because had the parties not reached a resolution, Plaintiffs would have sought to add Yale Tile & Stone LLC as a defendant in this action, because Plaintiffs believe it is a proper defendant in this action.

  The Parties participated in a settlement conference before Magistrate Judge Gabriel W. Gorenstein.. After a lengthy session with the Magistrate Judge, in which both Parties presented their respective positions, the Parties agreed to resolve this action on the mutually acceptable terms. The Parties' agreement has been memorialized in a fully executed Settlement Agreement (the "Agreement"), a copy of which is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

  The Parties represent to the Court that, as a result of the mediated settlement, they believe that the Agreement is fair, as discussed herein.

**Background**

  Plaintiffs were allegedly employed by Defendants to work at a construction company called "Roccaway Construction."

  Plaintiff Jose German Castaneda Sanchez ("Plaintiff German") was allegedly employed by Defendants as a tile specialist from approximately November 2016 until on or about July 5, 2017. Throughout his employment, Plaintiff German alleged he typically worked 52.5 to 75 hours per

*Certified as a minority-owned business in the State of New York*

week. From approximately February 15, 2017 until on or about June 21, 2017, Defendants allegedly paid Plaintiff German his wages in cash. From approximately June 22, 2017 until on or about July 5, 2017, Defendants allegedly paid Plaintiff German his wages by personal check. Throughout his employment, Plaintiff German was paid a fixed salary of $220 per day.

Plaintiff Jose Santos Delcid Castellanos ("Plaintiff Santos") alleged he was employed by Defendants as a construction worker from approximately November 2016 until on or about July 15, 2017. Throughout his employment, Plaintiff Santos alleged he typically worked 53 to 99.5 hours per week. From approximately November 2016 until on or about June 28, 2017, Defendants allegedly paid Plaintiff Santos his wages in cash. From approximately June 29, 2017 until on or about July 15, 2017, Defendants allegedly paid Plaintiff Santos his wages by personal check. From approximately November 2016 until on or about December 2016, Defendants allegedly paid Plaintiff Santos a fixed salary of $130 per day. From approximately December 2016 until on or about March 2017, Defendants allegedly paid Plaintiff Santos a fixed salary of $140 per day. From approximately March 2017 until on or about June 28, 2017, Defendants allegedly paid Plaintiff Santos a fixed salary of $160 per day. From approximately June 29, 2017 until on or about July 15, 2017, Defendants allegedly paid Plaintiff Santos a fixed salary of $170 per day.

Plaintiff Wuilder Josue Delcid Castellanos ("Plaintiff Josue") alleged he was employed by Defendants as a construction worker from approximately November 22, 2016 until on or about July 15, 2017. Throughout his employment, Plaintiff Josue alleged he typically worked 53 to 91 hours per week. From approximately November 22, 2016 until on or about June 28, 2017, Defendants allegedly paid Plaintiff Josue his wages in cash. From approximately June 29, 2017 until on or about July 15, 2017, Defendants allegedly paid Plaintiff Josue his wages by personal check. From approximately November 22, 2016 until on or about December 2016, Defendants allegedly paid Plaintiff Josue a fixed salary of $140 per day. From approximately January 2017 until on or about May 15, 2017, Defendants allegeldy paid Plaintiff Josue a fixed salary of $150 per day. From approximately May 16, 2017 until on or about July 15, 2017, Defendants allegedly paid Plaintiff Josue a fixed salary of $160 per day.

Plaintiff Hector David Dominguez ("Plaintiff Dominguez") alleged he was employed by Defendants as a construction worker from approximately May 2017 until on or about January 27, 2018. Throughout his employment, Plaintiff Dominguez alleges he typically worked 48 to 78 hours per week. Throughout his entire employment, Defendants allegedly paid Plaintiff Dominguez his wages in cash. However, there were a few instances throughout his employment that he received his wages by check. From approximately May 2017 until on or about July 2017, Defendants allegedly paid Plaintiff Dominguez a fixed salary of $140 per day. From approximately August 2017 until on or about January 2, 2018, Defendants allegedly paid Plaintiff Dominguez a fixed salary of $150 per day.

Defendants deny Plaintiffs' allegations and assert that Plaintiff was paid in accordance with the law. In particular, Defendants dispute (1) Plaintiffs' claims that they are owed unpaid wages at the minimum wage rate; (2) Plaintiffs' claims regarding the number of overtime hours that they supposedly worked without compensation at the overtime rate; (3) Plaintiffs' computation of their

alleged damages; and (4) Plaintiffs' claims that Salvatore Bonifati and Antonio (a.k.a. Tony) Dattolo were employers of the Plaintiffs.

The Parties thus acknowledge that they each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the Parties agreed to resolve and settle the case.

**Settlement**

Plaintiffs estimate that, in a best case scenario, they would be entitled to approximately $147,271.31 in minimum and overtime base wages. These wages are calculated by dividing Plaintiffs' total weekly earnings by 40 to determine their regular rate of pay. However, Defendants assert that because Plaintiffs were paid fixed daily salaries, as opposed to fixed weekly salaries, the Plaintiffs' regular rate of pay must be calculated by dividing their total weekly earnings by the total number of hours they worked each week. Using this method of calculating Plaintiffs' wages, Plaintiffs estimate that they would be owed $28,485.94 in minimum and overtime base wages. Moreover, if Defendants were to succeed in proving that Plaintiffs were paid in accordance with the law, they estimates that they would be entitled to much less, if anything at all. Accordingly, the Parties have agreed to resolve this action for the total sum of **$95,000.00**, which will be paid as outlined in **Exhibit A**. Sixty-Three Thousand Three Hundred and Thirty Three Dollars and Thirty-Three Cents ($63,333.33) of the settlement amount will be paid to the Plaintiffs, in full satisfaction of any wages or penalties owed. The remaining Thirty-One Thousand Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($31,666.67) will be paid to Michael Faillace & Associates, P.C., as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and, as a result of his participation in the settlement conference before Judge Gorenstein, have made an informed decision to settle the action, without incurring the costs

Hon. Paul A. Engelmayer
November 2, 2018
Page 4 of 5

or encumbrance of lengthy trial. The Ninety-Five Thousand Dollars ($95,000.00) that they will be receiving accounts for any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiffs would recover if Defendants were to successfully establish that Plaintiffs were paid in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiffs, the settlement represents a reasonable compromise with respect to contested issues. Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such, and there has been no publicity concerning this matter; consequently, there is no prejudice to any potential class member who is not a party to the Agreement.

### The Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $31,666.67 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiffs' retainer agreement, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiffs' counsel was able to obtain a favorable pre-trial result during the settlement conference before Judge Gorenstein.

Attached hereto as **Exhibit B**, are the Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of

the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and the Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their client. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. An Order of Voluntary Dismissal with Prejudice is annexed to the Agreement as Exhibit "A" and the parties humbly request that Your Honor so order said dismissal upon finding that the Agreement is fair.

Thank you for your consideration in this matter.

                Respectfully Submitted,

                /s/ Michael Faillace
                Michael Faillace, Esq.
                Michael Faillace & Associates, P.C.
                *Attorneys for Plaintiffs*

cc:    Stephen D. Hans, Esq. (via ECF)
        *Attorney for Defendants*